# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-1604V
(not to be published)

| | |
|---|---|
| CHERI BREWSTER,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: November 30, 2022<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Amy Senerth*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Andrew Henning*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On November 17, 2020, Cheri Brewster filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act"). On October 21, 2019, Petitioner received an influenza ("flu") vaccine, which vaccine is listed on the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a). Petitioner alleges that the flu vaccine caused her to develop a left shoulder injury related to vaccine administration ("SIRVA"). ECF No. 27. On July 7, 2022, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. *Id.*

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated October 4, 2022 (ECF No. 32), requesting a total award of $13,576.60 (representing $13,026.00 in fees and $550.60 in costs). In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. *Id.* at 2. Respondent reacted to the motion on October 7, 2022, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. ECF No.33. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

## ATTORNEY FEES

Petitioner requests the following rates for attorney Amy Senerth and attorney Max Muller, as follows:

|              | **2020** | **2021** | **2022** |
|--------------|----------|----------|----------|
| Amy Senerth  | $275     | $300     | $350     |
| Max Muller   | $350     | X        | X        |

The rates requested for Mr. Muller are reasonable, and consistent with what has previously been awarded, and shall therefore be awarded herein. Ms. Senerth, however, was previously awarded the rate of $325 per hour for time billed in 2022, less than what is being requested herein. *See Refior* v. *Sec'y of Health & Human Servs.,* No. 19-1579V, 2022 WL 2187383 (Fed. Cl. Spec. Mstr. May 4, 2022); *Putnam* v. *Sec'y of Health & Human Servs.,* No. 19-1921V, 2022 WL 2133979 (Fed. Cl. Spec. Mstr. May 12, 2022); *Johnson* v. *Sec'y of Health & Human Servs.,* No. 19-0822V, 2022 WL 2387528 (Fed. Cl. Spec. Mstr. May 27, 2022). I find no reason to deviate from the previously awarded rate. Accordingly, I reduce Ms. Senerth's rate to $325 per hour for her time billed in 2022, to be consistent with what was previously awarded. This results in a reduction of attorney's fees to be awarded of **$32.50**.[3]

## ATTORNEY COSTS

Petitioner requests $550.60 in overall costs. ECF No. 32 at 14. This amount is comprised of obtaining medical records, shipping costs and the Court's filing fee. I have reviewed the requested costs and find them to be reasonable and shall award it in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$13,544.10** (representing $12,993.50 in fees and $550.60 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel.

---

[3] This amount consists of $350 - $325 x 1.3 hrs = $32.50.

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.